STATE OF MINNESOTA                              DISTRICT COURT

COUNTY OF RAMSEY                          SECOND JUDICIAL DISTRICT

---

Stephen Wolfe, f.k.a. Steven Johnson,

       Plaintiff,

v.                                                                                    **SUMMONS**

Saint Paul Police Officers Robert Lokhorst,
William Everett, and John Does 1-5,
in their individual and official capacities,
and the City of St. Paul,

       Defendants.

---

THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANT OFFICERS OF THE SAINT PAUL POLICE DEPARTMENT, CENTRAL DISTRICT, 367 GROVE STREET, SAINT PAUL, MINNESOTA 55101 AND THE OFFICE OF THE SAINT PAUL CITY ATTORNEY:

1. **YOU ARE BEING SUED.** The plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons a **written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

   ANDREW M. IRLBECK, LAWYER
   First National Bank Building
   332 Minnesota Street, Suite W-1610
   St. Paul, Minnesota 55101
   (PH) (651) 366-6909
   (FAX) (651) 223-5179

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or

1

disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WIL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: 2/26/13

ANDREW M. IRLBECK, LAWYER

Andrew Irlbeck (392626)
First National Bank Building
332 Minnesota Street, Suite W-1610
St. Paul, Minnesota 55101
(PH) (651) 366-6909
(FAX) (651) 223-5179

2

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

Stephen Wolfe, f.k.a. Steven Johnson,

    Plaintiff,

v.

Saint Paul Police Officers Robert Lokhorst,
William Everett, and John Does 1-5,
in their individual and official capacities,
and the City of St. Paul,

    Defendants.

Court File No.:
Case Type: Civil

**COMPLAINT**
JURY TRIAL DEMANDED

---

Plaintiff Stephen Wolfe, for his complaint against the above-named Defendants, states and alleges as follows:

1. This is an action for money damages for injuries sustained by Stephen Wolfe, as a result of the violations by Defendants of Wolfe's clearly established rights under the Constitution of the United States, federal statutes, and Minnesota's common law. Wolfe demands that this case be tried to a jury.

## PARTIES

2. At all times relevant to this action, Wolfe was a citizen of the United States of America and a resident of the State of Minnesota and the County of Ramsey.

3. At all times relevant to this action, Defendants were employed by and acting, under color of law, as agents of the Saint Paul Police Department and the City of Saint Paul.

1

4.  Wolfe sues the Defendant Officers in their official and individual capacities.

5.  At all times relevant to this action, the City of Saint Paul was and is a duly incorporated municipal corporation and the employer and principal of the Defendants.

## JURISDICTION AND VENUE

6.  Wolfe brings this action pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §§ 1983 and 1988, and Minnesota's common law which confer upon this Court jurisdiction as to all claims.

7.  Because all of the facts complained of arose in the City of Saint Paul, this action properly lies in Ramsey County.

## FACTUAL ALLEGATIONS

Plaintiff re-alleges paragraphs 1-7 and further states:

8.  This incident occurred during the early morning hours of October 9, 2011, in the hallway of Wolfe's apartment building located at 211 4th Street East, Saint Paul, Minnesota.

9.  Wolfe was entertaining guests inside his apartment when he heard aggressive pounding on his door and determined that somebody was trying to kick the door in.

10. At the time of the incident, Wolfe suffered from several semi-debilitating physical ailments that made him more physically vulnerable than an average adult male. These conditions persist to this day, though they cause him greater pain, disability and

anguish as they were exacerbated by the civil rights violations perpetrated by the Defendants.

11. The pounding on the door was very loud and becoming increasingly violent, and out of concern for the safety of himself and his guests Wolfe asked someone to call the police. He then opened the door with a family heirloom shotgun in his hand, but lowered it immediately once he realized the threat was not deadly.

12. Police dispatch received a call from the intoxicated person outside of the apartment who had been banging on Wolfe's apartment door. The Defendants responded at approximately 1:30 a.m.

13. The Defendants knocked on Wolfe's apartment door and asked him to come out into the hallway. Wolfe calmly and compliantly put his dog up and stepped out of his apartment and into the hallway to discuss the incident with the Defendants.

14. Defendant Everett immediately handcuffed Wolfe and had him kneel on the ground, facing the wall. Wolfe remained completely compliant. The Defendants cleared the apartment of all occupants, handcuffed several of them, and secured the scene.

15. Then, without a warrant or a valid exception to the warrant requirement, the Defendants searched the apartment and located the shotgun.

16. While he was cuffed and kneeling on the ground with his face approximately 18 inches from the wall, Wolfe asked one of the Defendants why the person who was trying to kick in his door was not being detained and questioned as well.

17. One of the Defendants responded by grabbing Wolfe's head and slamming it into the hallway wall without warning, using such force that Wolfe was knocked

3

unconscious, his glasses were broken, his neck, back and shoulder were injured, and he suffered a gash to his head and bruising.

18. While Wolfe lay faced down and unconscious on the ground, the Defendants repeatedly lifted him up by the handcuffs that were holding his hands behind his back, and dropped him back to the ground. This was a game for the Defendants, and they all shared a laugh at tormenting this physically disabled man. The game woke Wolfe up from his concussion-induced slumber, and he recalls a good portion of this behavior, as well as the pain and lasting injury it caused to his shoulder.

19. None of the Defendants intervened at any point to halt the unconstitutional behavior of the other Defendants.

20. An ambulance was called and Wolfe, unable to stand or walk, was transported down the stairs and out of the building on a stretcher.

21. As a result of the conduct of the Defendants, Wolfe's physical ailments have worsened significantly and still plague him to this day. He also suffered real and instant injury from the actions of the Defendants, including injuries to his head, back, neck, brain, shoulder, and face. Finally, as a direct result of this incident, Wolfe has been diagnosed with Post-Traumatic Stress Disorder, which also still affects him greatly today.

## COUNT 1 – EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. § 1983

Plaintiff re-alleges paragraphs 1-21 and further states:

22. By using far greater force than was necessary under the circumstances, Defendants, under color of state law, intentionally, knowingly and/or willfully violated

4

and deprived Wolfe of his clearly established and well-settled right to be free from the use of excessive and unreasonable force.

23.   The Defendants' actions were the direct and proximate cause of the constitutional violations and Mr. Wolfe's damages, including physical injury and severe emotional distress, and Post-Traumatic Stress Disorder.

24.   These clearly established rights are secured to Mr. Wolfe by the Fourth and Fourteenth Amendments to the Constitution of the United States.

Plaintiff demands relief as set forth below.

### COUNT 2 – FAILURE TO INTERVENE IN VIOLATION OF 42 U.S.C. § 1983

Plaintiff re-alleges paragraphs 1-24 and further states:

25.   Each of the Defendants had an opportunity and a duty to intervene throughout the incident to halt the unconstitutional conduct of the other Defendants. None of the Defendants did so, thus further violating Wolfe's constitutional rights.

26.   The Defendants' actions were the direct and proximate cause of the constitutional violations and Mr. Wolfe's damages, including physical injury and severe emotional distress, and Post-Traumatic Stress Disorder.

27.   These clearly established rights are secured to Mr. Wolfe by the Fourth and Fourteenth Amendments to the Constitution of the United States.

Plaintiff demands relief as set forth below.

### COUNT 3 – ILLEGAL SEARCH AND SEIZURE IN VIOLATION OF 42 U.S.C. § 1983

Plaintiff re-alleges paragraphs 1-27 and further states:

5

28. The Defendants searched Wolfe's home without a warrant or an applicable exception to the warrant requirement.

29. The Defendants' actions were the direct and proximate cause of the constitutional violations and some of Mr. Wolfe's damages, including physical injury and severe emotional distress, Post-Traumatic Stress Disorder, and deprivation of property.

30. These clearly established rights are secured to Mr. Wolfe by the Fourth and Fourteenth Amendments to the Constitution of the United States.

Plaintiff demands relief as set forth below.

## COUNT 4 – ASSAULT IN VIOLATION OF MINNESOTA STATE LAW

Plaintiff re-alleges paragraphs 1-30 and further states:

31. By slamming Wolfe's head into the wall after he had been compliant throughout the encounter and was already handcuffed and kneeling on the ground Defendants did knowingly, intentionally, recklessly, maliciously, or with deliberate indifference, use more physical force than was reasonable and necessary under the circumstances. This excessive force and brutal physical abuse of Mr. Wolfe constituted intentional, unpermitted, and offensive bodily contact.

32. Wolfe had, before and during the course of being brutalized by Defendants, reasonable fear of his immediate safety and physical well-being and apprehension of imminent bodily harm, which did in fact occur, without any legal justification or consent.

33. As a direct and proximate result of this assault, Wolfe suffered physical injury, pain and suffering, mental and emotional anguish, and/or other compensable damage.

6

34. The City of Saint Paul is responsible and liable for the conduct of its Defendant officers under the doctrines of agency and/or *respondeat superior.*

Plaintiff demands relief as set forth below.

## COUNT 5 – BATTERY IN VIOLATION OF MINNESOTA STATE LAW

Plaintiff re-alleges paragraphs 1-34 and further states:

35. Wolfe was damaged by the actions of Defendants both physically and mentally or emotionally, and continues to suffer as a result of this incident.

36. As a direct and proximate result of this battery, Wolfe suffered physical injury, pain and suffering, mental and emotional anguish, and/or other compensable damage.

37. The City of Saint Paul is responsible and liable for the conduct of its Defendant officers under the doctrines of agency and/or *respondeat superior.*

Plaintiff demands relief as set forth below.

## COUNT 6 – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiff re-alleges paragraphs 1-37 and further state:

38. The actions of the Defendants invaded the rights Wolfe, who was placed in the zone of danger of physical impact and reasonably feared for his own safety.

39. Wolfe has suffered severe mental and emotional distress with attendant physical manifestations as a result of the aforesaid assault. Furthermore, no physical manifestation is necessary in this case because the "unusually disturbing experience" that Plaintiff has endured assures that his emotional distress is real and severe.

40.    Defendant City of Saint Paul is jointly and severally liable for the actions of the police officers under the doctrines of agency and *respondeat superior*.

Plaintiff demands relief as set forth below.

## COUNT 7 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff re-alleges paragraphs 1-40 and further state:

41.    The extreme, outrageous, and conscience shocking actions of the Defendants in brutally assaulting Wolfe intentionally or recklessly caused his severe emotional and mental distress, including Post-Traumatic Stress Disorder.

42.    Defendant City of Saint Paul is jointly and severally liable for the actions of the police officers under the doctrines of agency and *respondeat superior*.

Plaintiff demands relief as set forth below.

## PRAYER FOR RELIEF AND JURY DEMAND

WHEREFORE, Plaintiff prays for judgment as follows:

a.  awarding Plaintiff compensatory damages against Defendants, jointly and severally in an amount in excess of $500,000;

b.  awarding Plaintiffs punitive damages against the Defendants, jointly and severally, on all claims.

c.  awarding Plaintiffs all of their costs and disbursements, including reasonable attorneys' fees as allowed by law, including 42 U.S.C. § 1988; and

d.  granting such other relief as the Court may deem just and equitable; and

e.  Plaintiff demands a jury trial.

Dated: 2/26/13

By: /s/ Andrew M. Irlbeck
ANDREW M. IRLBECK, LAWYER
Andrew M. Irlbeck (392626)
APPLEBAUM LAW FIRM
Paul Applebaum (223098)
First National Bank Building
332 Minnesota Street, Ste. W1610
St. Paul, Minnesota 55101
PH: (651) 366-6909
FAX: (651) 223-5179

*Attorneys for Plaintiff*

## ACKNOWLEDGMENT REQUIRED BY
## MINNESOTA STATUTE SECTION 549.211

The parties represented by the undersigned hereby acknowledge that pursuant to Minn. Stat. Section 549.211, monetary and/or non-monetary sanctions may be imposed for claims made in violation of that statute.

Dated: 2/26/13

By: _____
Andrew M. Irlbeck (392626)

9